UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
DON CAMPBELL,

                                             Plaintiff,   Docket No.: 23-Civ-4347 (LGS)

                  -against-

FAMILY DOLLAR STORES OF NEW YORK, INC.,
                                                  Defendant.
-------------------------------------------------------------------------------

## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

For substantially the reasons stated in this response, Plaintiff's motion in limine to preclude the testimony of Dr. Pierce Ferriter and waive the physical examination scheduled with Dr. Rene Elkin is **DENIED**. So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. 26.

Dated: June 5, 2024
       New York, New York

                                                                  _____
                                                                    LORNA G. SCHOFIELD
                                                                UNITED STATES DISTRICT JUDGE

*By:*
*Judith ElSherbini, Esq.*

**FACTS AND PROCEDURAL HISTORY**

This matter involves plaintiff's claims for personal injuries alleged sustained on February 25, 2021 as a result of an alleged trip and fall incident in a Family Dollar Tree located at 1315 Boston Post Road, Bronx, New York.

Plaintiff has a long and complex medical history including being diagnosed with multiple sclerosis in 2014 for which he receives social security disability; a prior accident in 2017 where he fell down a flight of stairs; and surviving a stabbing to the left side of his body.

Defendant respectfully submits this response to plaintiff's motion *in limine* to preclude testimony of defendant's expert orthopedist Dr. Pierce Ferriter from testifying and deeming waived the physical examination scheduled with defense expert neurologist Dr. Rene Elkin. Defendant respectfully submits that there is no prejudice to plaintiff in allowing the testimony of Dr. Ferriter and Dr. Elkin.

Admittedly, the discovery exchange of Dr. Ferriter is late and defendant apologizes this oversight and delay in filing the discovery exchange. The undersigned, the lead attorney on this matter, was engaged in a three week trial in Supreme Court of the State of New York, Ricgmond County; and the filing deadline was unfortunately not met. However, there is no reasonable way that the late exchange created any prejudice to the plaintiff, as the plaintiff had the exchange well in advance of the July trial and was aware of defendant's witness in March when the defense exam was scheduled. Further, it would be prejudicial to the defendant to preclude Dr. Ferriter's deposition testimony at trial.

Plaintiff's complex medical history brings forth the need for both an orthopedic and neurological examination to put forth a meaningful defense of this claim and plaintiff's appearance

for the June 11, 2024 examination with neurologist Dr. Rene Elkin would not create any prejudice to the plaintiff.

Plaintiff was advised of the scheduling of an examination with Dr. Rene Elkin well in advance of the examination date, almost eight (8) weeks ago, on March 28, 2024.  **Exhibit "A".** Plaintiff did not object to the scheduling of the exam.  Further, this examination can be held and the report can be exchanged before the July trial date.

Therefore, Plaintiff has failed to show that he is or would be unfairly prejudiced by allowing Dr. Ferriter's and Dr. Elkin's testimony at trial.  There was no substantial delay in providing Dr. Ferriter's discovery exchange and plaintiff cannot show that he was "prejudicially surprised" by allowing Dr. Ferriter or Dr. Elkin's testimony.  There is no instance of "perceived harm" of "surprise or trial by ambush" as it is a common and agreed upon idea that defense counsel is entitled to conduct independent medical examinations of the defendant and that those independent doctors would be utilized to support defendant's defense of plaintiff's claims at trial and plaintiff did not object to the scheduling of the independent medical examinations at the time they were scheduled.  Moreover, there is ample time for plaintiff's expert to review defendant's expert witness disclosures to be fully prepared for trial.

Defendant respectfully requests an extension of time to allow defendant to conclude the June 11, 2024 examination of plaintiff with Dr. Rene Elkin and for the court to consider defendant's expert exchange of Dr. Pierce Ferriter deemed timely made.  The foregoing will not result in any prejudice to the plaintiff because the plaintiff was already aware of the identities of the defendant's two experts, was provided with the expert report of Dr. Ferriter and will be provided with the expert report of Dr. Elkin prior to trial.

Finally, plaintiff's own discovery exchange is incomplete and incorrectly filed. Plaintiff's discovery exchange advised that "[a] list of publications" authored by plaintiff's expert would be "provided in plaintiff's further response." Plaintiff also advised that "[a] list of all other cases" in which plaintiff's expert "testified as an expert at trial or by deposition since 2008, including cases in which he testified during the previous 4 years" would be provided in a further response. Plaintiff has not provided any further responses, nor has plaintiff provided the foregoing information. As such, plaintiff is late in his own submissions.

## LEGAL STANDARD

In *Serin v. Northern Leasing Systems, Inc.,* No. 7:06-CV-1625, the court denied plaintiff's motion to preclude.

Fed.R.Civ.P.6(b)(1)(B), permits the court, for good cause, to extend a party's time to act after the relevant deadline has passed. See, *LoSacco v. City of Middletown*, 71 F.3d 88,93 (2d Cir. 1995). District courts may grant extensions of time in purely procedural matters like an untimely discovery exchange. The court is to look to factors such as the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and the good faith of the movant. See, *Pioneer Inv. Servs. Co.,* 507 U.S.at 388.

Courts have found that a late exchange is excusable when the delay was "caused by inadvertence, mistake … [or] when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." See, *LoSacco*.

Plaintiff's reliance on *Hanaburgh* is misplaced when considering the circumstances of this matter. In this case, defendant is acting in good faith in its discovery exchanges. The plaintiff had ample notice of the defense witnesses the defendant intended to produce at trial as the plaintiff was

notified of each independent medical examination in March, 2024 and plaintiff has been provided with Dr. Ferriter's expert witness exchange. Further, the expert witness testimony of both Drs. Ferriter and Elkin are of great importance to the defense of this claim based on the plaintiff's complicated medical history.

Finally, there would be no actual prejudice suffered by plaintiff as a result of having to prepare to meet the deposition testimony of Drs. Ferriter and Elkin as the report of Dr. Ferriter has already been exchanged and the report of Dr. Elkin can be exchanged well in advance of the July trial, which would obviate any possibility of a continuance of this claim. See, *Harris v. Jamaica Auto Repair Inc.* 2007 WL 4380280; *In re Complaint of Kreta Shipping,* 181 F.R.D. 273 (S.D.N.Y.1998); and *Choudhry v. Hosmer*, 02 Civ. 2540 DC, in which the courts consider the issue of bad faith and prejudice when considering late expert exchanges.

## CONCLUSION

In this case, defendant is acting in good faith, plaintiff had adequate knowledge of defendants' expert witnesses, and plaintiff will not be prejudiced in allowing defendants' expert witnesses to appear and testify at trial. Accordingly, the defendant respectfully requests that the court deny plaintiff's motion in its entirety.

Dated  New York, New York
       May 20, 2024

                                    Yours, etc.

                                    _____
                                    Bradley J. Levien, Esq.
                                    Judith ElSherbini, Esq.
                                    MURPHY SANCHEZ, PLLC
                                    *Attorney for Defendant*
                                    100 Duffy Avenue, Suite 510
                                    Hicksville, New York 11801
                                    File #3532.1065

TO:   All Counsel appearing, via ECF